## West Chicago Street Railway Company v. Anthony F. Jennings.

1. PERSONAL INJURIES—*Requisites of the Action for.*—The proper decision of an action for personal injuries alleged to have been caused by the negligence of the defendant depends upon a correct determination of questions of fact, viz.: (1) Was the plaintiff in the exercise of ordinary care at the time of the accident? (2) Was the defendant negligent? (3) Was such negligence the proximate cause of the injuries?

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

This is an action by Anthony F. Jennings to recover damages for personal injuries alleged to have been sustained through the negligence of the West Chicago Street Railway Company.

The declaration alleges that "on November 10, 1891, at about 6 o'clock in the evening, at the junction of Madison street and Page street, in the city of Chicago, while the plaintiff was with due care and caution, and without negligence on his part, going from the north side of Madison street along the east and further crossing of Page street, to

get upon a certain car of the defendant, then and there going east, which had stopped at the request of the plaintiff at the east crossing of Madison street, opposite Page street, a certain car of the defendant going west was carelessly and negligently driven by the servants of the defendant with great force and violence, without any warning, against and upon the plaintiff, knocking him down," etc.

At the trial the jury found the defendant guilty, and assessed the plaintiff's damages at $10,000. The plaintiff subsequently remitted one-half the amount of the verdict, and judgment was entered on the verdict in the sum of $5,000. The defendant appeals.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

DOW, WALKER & WALKER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The proper decision of this case depends upon a correct determination of questions of fact, viz.:

Was appellee in the exercise of ordinary care at the time of the accident? Was appellant negligent, and if so, was such negligence the proximate cause of the injury to appellee?

Some acts may be said to be, as a matter of law, negligence, and some conduct may also, as a matter of law, be said to be the exercise of ordinary care. Ordinarily the facts surrounding any accident are such that the determination of these things is to decide as to questions of fact. We do not, under the evidence in this case, feel warranted in saying that the undisputed or the established facts of this case are such as to present only questions of law, as to either the exercise of ordinary care by appellee, or negligence by appellant; nor do we feel that we ought, upon the conflicting evidence, to interfere with the verdict of the jury, sanctioned as it has been by the judge before whom the cause was tried.

The judgment of the Circuit Court is affirmed.